**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-03119-REB

GARY D. FRYE,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

## ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Attorney Fees** [#27],[1] filed July 16, 2020. The Commissioner does not oppose an award of attorney fees *per se*, but argues the hours sought are excessive. I concur and thus grant the motion in part and deny it in part.

Plaintiff filed this appeal contesting the Commissioner's denial of his application for childhood disability insurance benefits under Title II of the Social Security Act. Following the submission of plaintiff's opening brief, the Commissioner filed a motion to remand the case under sentence four of the Act. Plaintiff did not oppose that motion, and the case was remanded to the Commissioner for further proceedings. This motion followed, by which plaintiff seeks $8,077 for 39.25 hours of work performed by Mr. Manion in initiating the case and submitting the opening brief, and $1,854 for 9 hours of

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

work attributable to Mr. Murray's preparation of the motion for attorney fees itself.

Under the Equal Access to Justice Act ("EAJA"), a prevailing party (other than the United States) is entitled to recoup his attorney fees in a proceeding for review of agency action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner apparently concedes plaintiff is the prevailing party and therefore entitled to some amount of attorney fees. "[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in **Hensley** [**v. Eckerhart**, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)]." **Commissioner, Immigration and Naturalization Service v. Jean**, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. **Hensley**, 103 S.Ct. at 1939; **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). There is a strong presumption that the amount thus calculated represents a reasonable fee for purposes of fee-shifting statutes. **Homeward Bound, Inc. v. Hissom Memorial Center**, 963 F.2d 1352, 1355 (10th Cir. 1992).

Here, the reasonable hourly rate is set by statute, **see** 28 U.S.C. § 2412(d)(2)(A), as adjusted by a cost-of-living enhancement factor, **see Taylor v. Colvin**, 2015 WL 2375907 at *2-3 (D. Colo. May 15, 2015). Plaintiff asserts that in 2019, that rate was $204 an hour and $206 an hour for 2020, and the Commissioner does not argue

otherwise.[2]  I therefore accept these rates and apply them in this matter.

The only remaining question, therefore, is whether the number of hours requested is reasonable.  The Commissioner claims the hours claimed by Mr. Manion for his investigation, review of the record, and preparation of the brief are excessive.  I agree, but only to an extent.  The mere fact that plaintiff's opening brief was relatively concise says little about the amount of work that counsel must expend in reviewing the record, investigating potential grounds of error, and preparing the brief.  A diligent attorney certainly must review the entire record to ensure he has identified all viable issues for appeal, even if the issues actually presented for review by the court ultimately are more narrowly focused.

Nevertheless, I do agree that the time requested by Mr. Manion is somewhat excessive.  Although courts in this circuit repeatedly have recognized that 20 to 40 hours is a presumptively reasonable amount of attorney time for social security appeal, *see J.M.V. v. Saul*, 2019 WL 5864809 at *2 (D. Kan. Nov. 8, 2019); *Leyba v. Berryhill*, 2018 WL 3336353 at *2 (D.N.M. July 5, 2018); *Bargar v. Colvin*, 2015 WL 2452429 at *1 (E.D. Okla. May 21, 2015); *Brodeur v. Astrue*, 2010 WL 4038611 at *4 (D. Colo. Oct. 14, 2010), a request near the top of this range is not warranted here.  This is not a case in which there were a large number of alleged disabilities or a particularly copious record.  *Cf. J.M.V.*, 2019 WL 5864809 at *2; *Myer v. Barnhart*, 2005 WL 3084898 at *2 (D. Kan. Nov. 3, 2005).  It appears Mr. Manion quite quickly pinpointed the limited legal

---

[2] Instead, the Commissioner argues for a blended rate of $205 an hour.  Because I am able to segregate Mr. Manion's compensable hours in each year, I apply the rates in force in the year they were incurred.

issue on which this appeal turned.  That issue did not require extensive discussion of the administrative record.  The requested 23 hours[3] of time spent in drafting the 11-page brief (only three pages of which contain actual legal analysis) is simply excessive in light of this background.

Moreover, Mr. Manion's billing records include entries for certain routine clerical tasks which are not compensable as attorney fees, **see Champlin v. Colvin**, 2013 WL 3303636 at *3 (D. Colo. July 1, 2013), even when performed by a solo practitioner, **see Shaw v. AT&T Umbrella Benefit Plan No. 1**, 2015 WL 8177654 *6 (E.D. Mich. Dec. 8, 2015).[4]  In addition, some of the entries plainly reflect a lack of billing judgment, especially with respect to time sought for meetings with the client and others.  **See Hensley**, 103 S.Ct. at 1941.  **See also Praseuth v. Rubbermaid, Inc**., 406 F.3d 1245, 1257 (10th Cir. 2005) ("Billing judgment consists of winnowing hours actually expended down to hours reasonably expended.").

For these reasons, I find and conclude that Mr. Manion is entitled to be compensated for two hours worth of attorney time in 2019, at a rate of $204 an hour ($408), and 30 hours of attorney time in 2020, at a rate of $206 an hour ($6,180).  The

---

[3] Some of this time also was "block billed" with clerical tasks.  (**See Motion App.**, Exh. 1 at 3 (entry for 5/20/20).)  "Block billing" refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  **Robinson v. City of Edmond**, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998).  In general, the practice runs counter to this circuit's requirement that attorneys keep "meticulous time records that reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks." **Jane L. v. Bangerter**, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation and internal quotation marks omitted).

[4] Although courts in other districts have recognized a "middle ground" approach and awarded fees for clerical tasks to solo or small firm practitioners at a reduced rate, **see Merrick v. District of Columbia**, 134 F.Supp.3d 328, 341 (D.D.C. 2015); **Fralick v. Plumbers & Pipefitters National Pension Fund**, 2011 WL 487754 *8 (N.D. Tex. Feb. 11, 2011), the Tenth Circuit does not appear to have adopted this practice.

resultant fee award for this portion of plaintiff's request therefore totals $6,588.

Plaintiff's request also seeks nine hours of attorney time by Mr. Murray for preparing the EAJA motion. Counsel may recover fees attributable to drafting a request for attorney fees. **See Jean**,110 S.Ct. at 2321. Nevertheless, this request is plainly excessive. Mr. Manion suggests he engaged another attorney to undertake this work because he had not previously prepared attorney fee motions in administrative proceedings. (**Motion App.**, Exh. 1 ¶ 5 at 2.) That decision in itself was not necessarily unreasonable.

Yet it appears Mr. Murray spent a not-insignificant amount of time educating himself about the EAJA,[5] which undoubtedly is excessive in light of his professed experience in preparing and filing attorney fee applications. (**See Motion App.**, Exh. 2 ¶ 8 at 2.) I agree with the Commissioner that three attorney hours represents a more reasonable amount compensable time under the EAJA for work of this type. Thus an additional $618 will be added to the attorney fee award to account for this work.

Accordingly, I find and conclude that plaintiff is entitled to attorney fees in the amount of $7,206.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Attorney Fees** [#27], filed July 16, 2020, is granted in part and denied in part, as set forth in this order; and

2. That pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), plaintiff is awarded attorney fees of $7,206.

---

[5] Mr. Murray also block billed his time, making it impossible to discern more precisely how much time was spent on legal research and how much on drafting the motion and preparing its related exhibits.

5

Dated September 1, 2020, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

6